IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| AARON LYNN KINCANON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0259 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS
PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED**

On September 26, 2006, petitioner AARON LYNN KINCANON, a state prisoner confined in the Allred Unit, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. By his application, petitioner challenges his June 12, 2001 conviction for the offense of driving while intoxicated out of the 316th Judicial District Court of Hutchinson County, Texas and the resultant 60-year sentence.

For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

I.
PROCEDURAL HISTORY

Petitioner avers he was convicted by a jury on June 12, 2001 for the offense of driving while intoxicated and assessed a sentence of confinement in the Texas Department of Criminal Justice,

Correctional Institutions Division, for a period of sixty (60) years. Petitioner directly appealed his conviction and sentence to the Court of Appeals for the Seventh District of Texas who, on July 3, 2002, affirmed the conviction and sentence. *Kincanon v. State*, No. 07-01-00258-CR. Petitioner sought review of the appellate court's decision by filing a petition for discretionary review. The Texas Court of Criminal Appeals refused said petition on June 9, 2004. *Kincanon v. State* No. 0395-04. Petitioner did not petition the United States Supreme Court for a writ of certiorari.

On April 5, 2005, petitioner states he filed an application for a state writ of habeas corpus with the state trial court. *Ex parte Kincanon*, No. 57,796-02. On April 5, 2006, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order.[1] On September 26, 2006, petitioner executed the instant federal habeas application challenging his conviction and sentence.

## II.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] The fact that the habeas application was denied without written order was obtained from the Texas Court of Criminal Appeals docket.

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### III.
### TIME BAR

The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period in this case began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

After the Texas Court of Criminal Appeals' refusal of petitioner's petition for discretionary review (PDR) on June 9, 2004, petitioner had ninety (90) days in which to file a petition for a writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13.1, 13.3 (2000).[2] Petitioner,

---

[2] It appears from the Texas Court of Criminal Appeals docket that petitioner's PDR was an out of time PDR which resulted from petitioner's first state habeas petition. Analysis of the tolling issue during this time period would not be of advantage to petitioner because this Court has calculated petitioner's one year limitations period as if his PDR was timely.

however, failed to do so. Therefore, petitioner's conviction became final upon the expiration of the time period in which to file his petition for a writ of certiorari, or September 7, 2004. As such, the instant federal application was due on or before September 7, 2005. Petitioner, however, asserts he filed an application for a state writ of habeas corpus on April 5, 2005, thereby tolling the statute of limitations from April 5, 2005 through April 5, 2006, the date the state application was denied by the Texas Court of Criminal Appeals. Petitioner's federal habeas was thus due to be filed on or before September 7, 2006. Petitioner, however, failed to deposit the instant application in the prison mail until September 26, 2006.[3] Petitioner has not argued, in his response, that he is entitled to equitable tolling of the statutory period, nor does the record indicate that the limitations period should be equitably tolled. Consequently, petitioner's federal habeas application is time barred. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application should be dismissed as time barred.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner AARON LYNN KINCANON be DISMISSED as time barred.

---

[3] Petitioner has declared in his habeas petition that he placed the petition in the prison mailing system September 14, 2006. However, the date stamp on the envelope received by the Clerk is September 26, 2006. Petitioner's habeas petition is considered filed when he places it within the prison mailing system. *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court). Petitioner has not accounted for the twelve day delay and the Court will thus utilize the latter date. Even if the earlier date of September 14, 2006 were used, it would not change the outcome of this case.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>13th</u> day of October 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).