IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |  | |
|---|---|---|---|
| AARON LYNN KINCANON, | § | | |
| | § | | |
| Petitioner, | § | | |
| | § | | |
| v. | § | | 2:06-CV-0259 |
| | § | | |
| NATHANIEL QUARTERMAN, Director, | § | | |
| Texas Department of Criminal Justice, | § | | |
| Correctional Institutions Division, | § | | |
| | § | | |
| Respondent. | § | | |

## REPORT AND RECOMMENDATION TO GRANT PETITIONER'S RULE 59 MOTION

Came this day for consideration petitioner AARON LYNN KINCANON's November 13, 2006 "Motion to Alter or Amend Judgment Pursuant to Rule 59 (e) of the Federal Rules of Civil Procedure." The Court will treat petitioner's pleading as a Rule 59 Motion for New Trial.

### I.
### PROCEDURAL HISTORY

Petitioner KINCANON seeks federal habeas corpus relief challenging his June 12, 2001 conviction for the offense of driving while intoxicated out of the 316th Judicial District Court of Hutchinson County, Texas and the resultant 60-year sentence. Review of petitioner's pleadings resulted in a recommendation of dismissal of petitioner's application as time barred. The time bar revolved around petitioner's state court habeas proceedings as set forth below.

The Texas Court of Criminal Appeals denied petitioner's state habeas application without written order on April 5, 2006. Petitioner filed a motion to reconsider which was received by the Court of Criminal Appeals on April 24, 2006. Review of the Texas Court of Criminal Appeals

docket in petitioner's state habeas case reflects an entry on April 25, 2006 "no action necessary." Petitioner has provided a document marked "Exhibit B" which appears to be an official notice from the Court of Criminal Appeals. In such notice, dated April 25, 2006, it states, "Pursuant to Rule 79.2 (d), your Motion for Reconsideration/Rehearing will not be entertained." Rule 79.2(d) states, "A motion for rehearing an order that denies habeas corpus relief under Code of Criminal Procedure, articles 11.07 or 11.071, may not be filed. The Court may on its own initiative reconsider the case."

On October 13, 2006, the undersigned United States Magistrate Judge entered a Report and Recommendation recommending dismissal of petitioner's case as time barred. Petitioner filed objections October 26, 2006. On October 30, 2006, an Order Adopting Report and Recommendation, and Dismissing Petition for Writ of Habeas Corpus was entered in this case. Judgment entered the same day.[1]

## II.
## MERITS

Petitioner objected to the October 13, 2006 Report and Recommendation arguing for the first time, he filed a motion for reconsideration with the Texas Court of Criminal Appeals after his state writ of habeas corpus was denied and that he should be entitled to tolling during the time his motion for reconsideration was pending. Petitioner cited no authority to support his position. Upon review of Rule 79.2(d), the Court apparently determined petitioner was not entitled to file a motion for reconsideration and overruled petitioner's objections, adopted the Report and Recommendation and entered Judgment. Only after Judgment was entered did petitioner submit his pleading citing *Lookingbill v. Cockrell*, 293 F.3d 256 (5th Cir. 2002) and *Emerson v. Johnson*,

---

[1] The Order and Judgment were filed on October 31, 2006.

243 F.3d 931 (5th Cir. 2001) as support for his position he is entitled to tolling until the date the Texas Court of Criminal Appeals acted on his motion for reconsideration.

Based upon the present argument petitioner urges, the Court is of the opinion petitioner's motion for new trial should be granted.  However, even though it is recommended that petitioner receive relief pursuant to Rule 59, petitioner is admonished he has caused unnecessary delay and the expenditure of judicial resources by failing to fully and adequately brief his arguments in this case.  First, in his original federal petition, petitioner specifically cited April 5, 2006 as the decision date of the Texas Court of Criminal Appeals.  Petitioner failed to inform this Court any motion to reconsider had been filed or the resultant outcome until a Report and Recommendation to dismiss as time barred had been entered.  Second, petitioner failed, in either his original petition or his objections, to cite the *Lookingbill* case or argue its applicability.  Instead, petitioner waited until after Judgment was entered to argue this point.

Petitioner is instructed that future pleadings shall fully and completely present all claims relied upon by petitioner.  Failure to do so and/or engaging in a course of conduct which submits information to this Court in a piecemeal fashion, especially information supplied after the entry of recommendations or orders adverse to petitioner, may subject petitioner to sanctions.

Further, petitioner KINCANON is advised that the recommendation to grant his Rule 59 motion is not a determination that petitioner is in fact entitled to equitable tolling.  The Court makes no finding that petitioner's motion for reconsideration was "filed" with the Texas Court of Criminal Appeals, or if filed, that it was timely filed.  The recommendation made here is for the sole purpose of ordering an Answer and allowing respondent to reply to petitioner's allegations and to address any limitations issue.

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that petitioner AARON LYNN KINCANON 's Motion for New Trial be GRANTED and an Answer ordered from respondent.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>16th</u> day of November 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United

States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).