IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| AARON LYNN KINCANON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0259 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

On September 14, 2006, petitioner AARON LYNN KINCANON, a state prisoner confined in the Allred Unit, filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. By his application, petitioner challenges his June 12, 2001 conviction for the offense of driving while intoxicated out of the 316th Judicial District Court of Hutchinson County, Texas and the resultant 60-year sentence.

For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that the petition for a writ of habeas corpus be DISMISSED as time barred.

I.
PROCEDURAL HISTORY

Petitioner was convicted by a jury for the offense of driving while intoxicated and on June 12, 2001 the trial court assessed punishment of confinement in the Texas Department of Criminal

Justice, Correctional Institutions Division, for a period of sixty (60) years.  Petitioner directly appealed his conviction and sentence to the Court of Appeals for the Seventh District of Texas who, on July 3, 2002, affirmed the conviction and sentence.  *Kincanon v. State*, No. 07-01-00258-CR, slip op. at 5, 7, 2002 WL1461838 at *2-3 (Tex. App. – Amarillo July 3, 2002, pet. ref'd).  Petitioner did not timely file a petition for discretionary review (PDR), therefore, petitioner's conviction became final on August 2, 2002, after expiration of the 30-day time period allowed under Texas law for filing a petition for discretionary review.  Tex. R. App. P. 68.2(a) (1999).

On February 4, 2003, petitioner filed a state habeas application challenging his conviction.  *Ex parte Kincanon*, App. No. 57,796-01.  In his state habeas application petitioner alleged he was denied the right to file a timely PDR due to counsel error.  On January 21, 2004, the Texas Court of Criminal Appeals granted petitioner leave to file an out-of-time PDR.  *Ex parte Kincanon*, No. 74,867, slip. op. at 2, 2004 WL231457 at *1 (Tex. Crim. App. 2004).  The Texas Court of Criminal Appeals dismissed petitioner's other grounds for relief.  Petitioner filed an out-of-time PDR which was refused by the Texas Court of Criminal Appeals on June 9, 2004.

On April 11, 2005, petitioner filed a second application for a state writ of habeas corpus with the state trial court.  *Ex parte Kincanon*, No. 57,796-02.  On April 5, 2006, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order.  On April 24, 2006 petitioner filed a motion urging reconsideration of the state habeas application but on April 25, 2006, the Texas Court of Criminal Appeals entered a notation on the docket saying, "no action necessary."[1]  On September 14, 2006, petitioner executed the instant federal habeas application challenging his conviction and sentence.

---

[1] This information was obtained from the TCCA website docket sheet.

## II.
## STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

## III.
## TIME BAR

The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have

discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period in this case began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As argued by respondent, petitioner's conviction became final for AEDPA purposes on August 2, 2002, the last date on which he could have *timely filed* a petition for discretionary review (PDR).[2] Petitioner filed his first state habeas application (containing the motion to file an out-of-time PDR) on February 4, 2003. Therefore, petitioner used 185 days of his 365 day limitations period. Petitioner is entitled to tolling during the pendency of his first state habeas application and his out-of-time PDR or until June 9, 2004. After the Texas Court of Criminal Appeals' refusal of petitioner's PDR on June 9, 2004, petitioner had ninety (90) days in which to file a petition for a writ of certiorari with the United States Supreme Court or until September 7, 2004. *See* Sup. Ct. R. 13.1, 13.3 (2000). Petitioner, however, failed to do so. Therefore, petitioner's AEDPA limitations period began to run again on September 8, 2004. Since 180 days remained in petitioner's limitations period, he had until March 7, 2005 to file his federal writ petition.[3] Petitioner did not file the instant petition until September 14, 2006. Since petitioner failed to file his second state habeas application until April 11, 2005, and he is not entitled to tolling because such filing date

---

[2] Pursuant to *Salinas v. Dretke*, 354 F.3d 425, 431 (5th Cir. 2004), the effect of the revival of petitioner's right to file a petition for discretionary review was part of the collateral review process thus it had no effect on the start of the statute of limitations period under 28 U.S.C. § 2244(d)(1)(A) and could only toll the limitations period under 28 U.S.C. § 2244(d)(2) until the Court of Criminal Appeals declined to grant further review.

[3] Respondent alleges petitioner's federal filing period was only extended until December 7, 2004. It appears respondent bases this argument on the *Salinas* case and although not presented definitively, respondent appears to conclude petitioner is not entitled to the 90 day period in which to filed a petition for writ of certiorari because his time for direct review had expired.

exceeded the statutory time in which the instant federal petition was due.[4]  Petitioner has not argued and the record does not reflect that the limitations period should be equitably tolled.  Consequently, petitioner's federal habeas application is time barred.  Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application should be dismissed as time barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner AARON LYNN KINCANON be DISMISSED as time barred.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 10th day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[4] Any issue related to petitioner's argument that he is entitled to tolling during the pendency of his motion urging reconsideration of his second state habeas application is irrelevant because petitioner is not entitled to any tolling for his second state habeas application.

CEA\HAB54\R&R\KINCANON.SOL-NOCERT:3            5

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

      Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

      Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).